USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GEORGE RAMIREZ,

                              Petitioner,

          -v-

SUPERINTENDENT OF SHAWANGUNK
CORRECTIONAL FACILITY,

                              Respondent.
------------------------------------------------------------X

17 Civ. 7185 (PAE) (HBP)

OPINION AND ORDER

PAUL A. ENGELMAYER, District Judge:

Petitioner George Ramirez, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 2, 2019, Magistrate Judge Henry Pitman issued a Report and Recommendation to this Court, recommending that the petition be denied. *See* Dkt. 13 ("the Report"). The Report stated that the parties were required to file any objections within 14 days from the date of the Report's issuance. On January 18, 2019, Ramirez filed a letter with this Court that the Court construes as reflecting his objections.[1] Dkt. 14 (Objections).

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.

---

[1] The Court recognizes that the letter, received on January 22, 2019, was sent outside the 14-day period granted by the Report, but accepts Rodriguez's objections as timely given that he is incarcerated and acting *pro se*.

1

R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).

The Court adopts the Report's detailed account of the facts and procedural history, to which no party objects. The following summary captures the limited facts necessary for an assessment of the issues presented.

Ramirez seeks to vacate his conviction for two counts of criminal possession of a weapon in the second degree, entered by the Supreme Court of the State of New York, New York County on May 6, 2013. *See* Report at 1, 5. He was sentenced as a persistent violent felony offender ("PFVO") based on prior convictions in the same court in 2000 and 2005. He is currently serving two concurrent prison terms of 18 years to life. *Id.* at 1, 5. Ramirez timely appealed his 2013 conviction which was affirmed by the Appellate Division of the Supreme Court for the First Department on June 21, 2016. *Id.* at 6. The New York Court of Appeals denied leave to appeal on September 12, 2016. *Id.*

On September 10, 2017, Ramirez filed this habeas petition, Dkt. 1, which raises three claims: first, that he was incorrectly adjudicated as a PFVO because his 2000 assault conviction was invalid; second, that he was never informed by his trial attorney that trial could result in a life sentence; and third, that he was denied the right to testify at trial by his trial attorney, *Report* at 7. He later filed a counseled motion in state court under N.Y. Crim. P. L. § 440 to vacate his 2013 conviction, claiming ineffective assistance of counsel. That motion remains pending.

Careful review of Judge Pitman's thoroughly reasoned Report shows no facial error. The Court adopts without modification its conclusions regarding the Petition's first claim, which challenged the state court's adjudication of him as a PFVO.

The Court, however, construes Ramirez's objections to apply to the second and third claims, which sound in ineffective assistance. The Court therefore reviews Judge Pitman's findings as to their exhaustion *de novo*. This Court concludes, like Judge Pitman, *see* Report at 16–22, that holding the petition in abeyance is unwarranted, because Ramirez has failed to exhaust his state remedies relating to his ineffective assistance of counsel claims, and he has not shown good cause for the failure to exhaust.

A state prisoner seeking to vacate his conviction on federal constitutional grounds must first exhaust all available state remedies. 28 U.S.C. § 2254(b); *Cone v. Bell*, 556 U.S. 449, 466–67 (2009). Proper exhaustion of a state court remedy requires a petitioner to "apprise the highest state court of both the factual and the legal premises for the claims ultimately asserted in the habeas petition." *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (citation omitted). Neither of Ramirez's ineffective assistance of counsel claims could have been raised on appeal because they relied on matters that were not preserved in the record. As such, Ramirez's only avenue for relief was through a state § 440.10 motion, which he filed. Because that motion is still pending in state court, the ineffective assistance claims raised in the habeas petition remain unexhausted.

Ramirez has requested that this Court stay his habeas petition while his § 440.10 motion is pending. The Supreme Court has stated that "stay and abeyance should only be available in limited circumstances" and that three conditions must be satisfied before a district court may stay a mixed petition while unexhausted claims are exhausted: (1) the petitioner can show "good cause" for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and

(3) there is no indication the petitioner has engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). The Court has not been presented with any claim that Ramirez engaged in intentionally dilatory litigation tactics, and the record does not permit the Court to make an informed determination on the merits of the unexhausted claim. *See Young v. Great Meadow Corr. Facility Superintendent*, No. 16 Civ. 1420 (PAE) (BCM), 2017 WL 480608, at *5 (S.D.N.Y. Jan. 10, 2017) ("Since most of the alleged misconduct must be established, if at all, based on materials outside of the trial record itself, the strength of petitioner's allegations cannot be determined until those materials are marshaled and placed before a court.").[2] Decisive here, however, Ramirez has failed to demonstrate good cause.

There is disagreement among courts as to what constitutes "good cause" under *Rhines*; the Second Circuit has yet to address this question. Some district courts have read good cause to require "an objective factor external to the petitioner which cannot be fairly attributed to him." *Ramdeo v. Phillips*, No. 04 Civ. 1157 (SLT), 2006 WL 297462 at *5–7 (E.D.N.Y Feb. 8, 2006) (petitioner's ignorance of the law, though inadvertent and in good faith, was insufficient to show good cause because he failed to "allege, or even suggest, that there exist[ed] an external cause for his delay," *id.* at *7); *see also Corbin v. Perez*, No. 14 Civ. 3200 (ER) (MHD), 2015 WL 3972252, at *3 (S.D.N.Y. June 26, 2015) ("[C]ourts that have considered the issue generally require that some factor external to the petitioner gave rise to his failure to assert the claims in state court." (internal quotation marks and citations omitted)); *Garcia v. Laclair*, No. 06 Civ. 10106 (SES) (DF), 2008 WL 801278, at *4. (S.D.N.Y Mar. 24, 2008) ("Petitioner has not

---

[2] As Judge Pitman recognized, because the record does not contain the alleged off-the-record conversations on which Ramirez's ineffective assistance claims rely, the Court cannot reliably assess their merits.

4

credibly demonstrated that there were any external factors preventing him from either appealing the decision denying his state habeas petition or promptly filing a Section 440.10 motion . . . .").

Other courts, relying on dicta in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), which reviewed challenges potentially facing a prisoner who seeks to file a timely habeas petition while exhausting state claims, *id.* at 416, have construed "good cause" more liberally. They have held that a petitioner's "reasonable confusion" whether a state filing would be timely may satisfy *Rhines*'s good cause requirement. *See Rivera v. Kaplan*, No. 17 Civ. 2257 (RA), 2017 WL 3017713, at *3–4 (S.D.N.Y. July 13, 2017) (granting stay of a habeas petition in light of a later-filed § 440.10 claim where petitioner asserted confusion as to timeliness of state law claim); *Henry v. Lee*, No. 12 Civ. 5483 (JG), 2013 WL 1909415, at *7 (E.D.N.Y. May 8, 2013) (granting stay where there was "reasonable confusion" about petitioner's state claims and their viability).

For the reasons that follow, under either standard, the Court finds, with Judge Pitman, that Ramirez fails to establish good cause.

1. **Objective External Factor**

Ramirez has not established an objective external factor that prevented him from filing his § 440.10 motion earlier. In his letter objecting to the Report, he states: "My reason for failing to show good faith are I could not file my 440.10 motion because one I did not receive the affidavits from my trial lawyers also I did not know how to file a motion like that on my own. My family had to save money for me to obtain an attorney." Ramirez claims that the five-year delay between his conviction and the § 440.10 motion was due, in part, to this inability to obtain affidavits or an attorney. Ramirez, however, has not explained why the affidavits to which he refers were a precondition for filing a § 440.10 claim. He has not shown that without them he

was precluded from filing. *Cf. Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005) (refusing to find good cause where a petitioner "failed to explain why presentation of his claims . . . had to await whatever supporting evidence Petitioner allegedly received").

Having failed to show that the affidavits from his trial lawyers were required to make a claim, Ramirez cannot claim that his decision to wait for their receipt before filing established good cause. *Ramdeo*, 2006 WL 297462, at *6 ("[P]etitioner's tactical decision to wait for legal assistance did not constitute good cause for petitioner's failure to file his State claims earlier." (internal quotation marks and citation omitted)). Furthermore, even if Ramirez had mistakenly thought that the affidavits were necessary to file his § 440.10 petition, "harbor[ing] an incorrect belief" regarding the law is insufficient to demonstrate an objective external factor. *Taylor v. Poole*, No. 07 Civ. 6318 (RJH) (GWG), 2009 WL 2634724, at *31 (S.D.N.Y. Aug. 27, 2009) (finding no good cause where petitioner incorrectly believed that transcript citations were required before filing a *coram nobis* petition). On the present record, with no showing having been made that the lack of affidavits inhibited Ramirez from making a § 440.10 motion in the five years before he filed it with the assistance of counsel, Ramirez has not shown an objective external factor for his failure to date to exhaust state remedies.

2.  **Reasonable Confusion**

Ramirez has also failed to demonstrate "reasonable confusion" within the meaning of *Pace v. DiGuglielmo*. There, the Supreme Court indicated that reasonable confusion might constitute good cause for failure to exhaust state remedies where the confusion concerned "whether a state filing would be timely . . . ." 544 U.S. at 416. However, under this standard, it is not enough for a petitioner to claim general confusion as to the law or procedure. *See McRae v. Artus*, No. 10 Civ. 2988 (RRM), 2012 WL 3800840, at *10 (E.D.N.Y. Sept. 2, 2012).

Ramirez does discuss timeliness in his objections. He writes: "if I did not file the habeas corpus motion I would [have] went past the deadline." However, he does so with respect only to his federal habeas petition, not his state § 440.10 motion. In *Pace*, the Supreme Court noted that a petitioner who was "trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that [it] was never properly filed, and thus that his federal habeas petition is time barred." 544 U.S. at 416 (internal quotation marks and citations omitted). Such a prisoner, the Court noted, could avoid this predicament, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. *Id.* (citing *Rhines*, 544 U.S. at 278). The circumstance described in *Pace*, however, is not that here. Ramirez's § 440.10 motion was filed after his federal habeas petition, and Ramirez has shown neither that he was actively pursuing state remedies, nor that he was in the midst of state court litigation when he filed his habeas petition.

On the record at hand, the Court has no basis to conclude that Ramirez, in foregoing pursuing state court relief for ineffective assistance for many years, was confused about whether a state court § 440.10 motion would be timely. It may be that Ramirez was unaware that this avenue existed or how to utilize it, but that would not qualify as "reasonable confusion" within the meaning of *Pace*. *See McRae*, 2012 WL 3800840 at *10 ("Giving petitioner the greatest benefit of the doubt, it would appear his 'confusion' is actually ignorance; he is unaware of the state law options he could have used to exhaust his claims."). Indeed, far from claiming earlier confusion, Ramirez in his objections seeks a stay of his habeas petition so that his pending state claims can be exhausted. He writes: "I also would like a stay and this habeas corpus to be held in abeyance until the lower court makes a ruling on my 440.10 motion." *See Holguin v. Lee*, No. 13 Civ. 1492 (LGS) (JLC), 2013 WL 3344070 at * 3 (S.D.N.Y. July 3, 2013) ("It is clear

here . . . that Holguin was *not* reasonably confused as to the exhaustion of his claims. Indeed, he explicitly states in his motion that he is seeking a stay of his habeas petition so that he can exhaust his unexhausted claims in New York state court."). As such, the Court cannot find "reasonable confusion" under *Pace* so as to justify a stay here.

While this Court is sympathetic to the challenges faced by uncounseled *pro se* petitioners, the case law is clear that these difficulties "are not sufficient in and of themselves to provide the necessary 'good cause' under *Rhines* for an order of stay and abeyance." *Young*, 2017 WL 480608 at *6. The Court therefore concludes, with Judge Pitman, that Ramirez has not shown good cause for his delay in filing his § 440.10 claim. A stay of his habeas petition therefore is not available or warranted.

## CONCLUSION

For the foregoing reasons and the reasons stated by Judge Pitman in the Report, the Court denies the petition for habeas corpus. Consistent with Judge Pitman's recommendation, the denial of Ramirez's PVFO claim is with prejudice, and the denial of his ineffective assistance of counsel claims is without prejudice. In recognition of the fact that the Second Circuit has not yet defined the contours of the "good cause" standard under *Rhines*, the Court issues a certificate of appealability.

The Clerk of Court is respectfully directed to mail a copy of this Opinion to petitioner's address on record and to close this case.

8

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 6, 2019
New York, New York